X-PATENTS, a Professional Corporation
JONATHAN HANGARTNER, Cal. Bar No. 196268
5670 La Jolla Blvd.
La Jolla, CA  92037
Telephone:  858-454-4313
Facsimile:   858-454-4314
jon@x-patents.com

Attorneys for Plaintiff MILLENIUM LABORATORIES
OF CALIFORNIA, INC.

FILED
09 MAR -2 PM 3:06
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MILLENIUM LABORATORIES OF
CALIFORNIA, INC., a California
corporation,

　　　　　　　Plaintiff,

　　v.

BRIAN SLATTERY ASSOCIATES, INC.,
a Florida corporation; BRIAN P.
SLATTERY, an individual,

　　　　　　　Defendants.

Case No. '09 CV 0409 H    RBB

**COMPLAINT**

**JURY TRIAL DEMANDED**

　　　　Plaintiff Millenium Laboratories of California, Inc. ("Millenium"), for its Complaint against Defendants Brian Slattery & Associates, Inc. ("BSA") and Brian A. Slattery (collectively "Defendants"), alleges as follows:

**JURISDICTION**

　　　　1.　　This is a civil action for fraud and fraudulent inducement under California Civ. Code § 1572.

　　　　2.　　This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. § 1332.

3. This Court has personal jurisdiction over Defendant because Defendant is engaged in substantial and regular business in the State of California and in the Southern District of California.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and (c).

## PARTIES

5. Plaintiff Millenium is a privately held company organized and existing under the laws of the State of California, having a principal place of business at 16981 Via Tazon, Suite F, San Diego, California.

6. On information and belief, Defendant BSA is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 322 Lagoon Drive, Palm Harbor, Florida. BSA is an independent contractor that markets and sells drug testing services for Millenium.

7. Defendant Brian P. Slattery is a resident of the State of Florida, residing at 322 Lagoon Drive, Palm Harbor, Florida. On information and belief, BSA is owned entirely by Brian P. Slattery.

8. On information and belief, defendants BSA and Brian P. Slattery were and are agents or representatives of each other, and in doing the things alleged in this complaint were acting within the course and scope of that agency or representation.

9. On information and belief, defendant BSA was and is the alter ego of defendant Brian P. Slattery, such that corporate formalities were not followed and transactions engaged by and between them were conducted without reasonable separation or distinction to maintain corporate and individual independence. On information and belief, defendant Brian P. Slattery has confused and commingled his personal affairs with the affairs of defendant BSA such that defendant Brian P. Slattery should be held personally responsible for the liabilities of defendant BSA.

## BACKGROUND

10. Millenium is engaged in the business of drug testing of urine specimens to detect the presence and the quantity of certain classes of dugs and adulterants, and is paid for its services by government insurance programs and private insurance companies.

11. Millenium was founded by its current Chief Executive Officer James M. Slattery in December 2007, and began offering its drug testing services in March 2008. Sales of Millenium's testing services grew quickly from a volume of just under 600 specimens in May 2008 to just over 2,900 specimens in July 2008.

12. Prior to August 1, 2008, Defendants sold Millenium's testing services to customers in certain geographic territories under an oral agreement. Two other independent contractors, NicSyd Enterprises Inc. ("NicSyd") and AmuCorp, Inc. ("AmuCorp") were responsible for sales in other geographic territories under similar oral agreements.

13. Under the terms of the oral agreement between Millenium and BSA, BSA was paid a commission of $12.00 per specimen.

14. From the outset, Defendants sought to renegotiate the terms of this agreement to obtain a substantial monthly base salary, a higher commission, an equity stake in Millenium and a share of the profits. In June and July of 2008, Defendants, NicSyd and AmuCorp all began pressing such demands based on representations that they were about to bring in very significant new sales volumes.

15. In June of 2008, Defendants represented to Millenium that collectively Defendants, NicSyd, and AmuCorp. had firm commitments for sales amounting to an additional 15,000 specimens per month. Defendants stressed to Millenium that these were firm commitments, as long as Millenium assured Defendants that it had sufficient capacity to meet such demand.

16. At the time, Millenium did not have sufficient capacity to meet this demand and it did not have sufficient capital to acquire the equipment and hire the staff necessary to generate such capacity.

17. Based on Defendants' representations regarding projections for committed sales, Millenium determined that it would need an additional $2 million in capital to establish the necessary capacity. In reliance on Defendants' representations, Millenium raised an additional $2 million in capital, in the form of a $1.9 million twelve-month note and sale of ten percent of the common stock in the company to third-parties, and moved immediately to hire additional employees and acquire the equipment necessary to meet demand for an additional 15,000 specimens per month.

18. Defendants knew that Millenium was committing its own capital and raising this additional capital specifically to establish the necessary capacity to meet the demand that Defendants represented that Defendants, NicSyd and AmuCorp would deliver.

19. Knowing this, Defendants increased their demands for compensation, seeking a significant equity interest in Millenium, a large monthly base salary, an increase of the commission rate to $25 per test specimen, and a share of the profits.

20. In reliance on Defendants' representations regarding committed sales, Millenium entered into a written Independent Contractor Agreement ("ICA") with BSA, effective August 1, 2008. Under the terms of the ICA, BSA was to receive a nonrefundable advance of $20,000 per month staring in August 2008, and a commission of 10% of the Average Reimbursement Rate ("ARR"). This commission rate was calculated to be $25 per specimen through December 31, 2008, and would be based on the actual ARR after January 1, 2009.

21. Millenium simultaneously entered into similar ICAs with NicSyd and AmuCorp.

22. Millenium successfully hired additional staff and increased its capacity to meet the anticipated demand based on Defendants' representations.

23. After August 1, 2008, Millenium's sales did not increase by 15,000 specimens per month. In fact, from August 2008 through December 2008, monthly sales increases over July levels never even reached 5,000 additional specimens, with total sales volume peaking in November 2008 at 6,407 specimens.

## FIRST CAUSE OF ACTION

### (Fraud)

24. Millenium realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

25. Defendants made these representations regarding committed additional sales to Millenium knowing those representations were false, incomplete and/or misleading at the time they were made, and/or made them recklessly without knowing the truth or falsity of them.

26. Defendants knew or should have known that Defendants, NicSyd, and AmuCorp. did not have committed additional sales of 15,000 specimens per month.

27. Defendants intended to induce Millenium to rely on its false representations regarding committed additional sales.

28. Millenium justifiably believed said representations to be true and complete.

29. In justifiable reliance on Defendants' false representations, Millenium entered into the ICA with BSA as well as similar ICAs with NicSyd and AmuCorp., sold an equity position in the company to a third-party, and incurred the capital and operating costs of aquiring additional equipment and increasing staffing to meet the anticipated demand for its testing services.

30. As a direct and proximate result of Defendants' conduct, Millenium has incurred damages in an amount to be established according to proof, but no less than $3.5 million, exclusive of interest and costs.

## SECOND CAUSE OF ACTION

### (Negligent Misrepresentation of Fact)

31. Millenium realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

32. Defendants negligently represented to Millenium that Defendants, NicSyd, and AmuCorp. had committed additional sales 15,000 specimens per month.

33. At the time Defendants made said representations, Defendants lacked sufficient facts upon which to make such representations, and/or the facts available to Defendants did not reasonably lead to the conclusion that said representation was accurate.

34. As a direct and proximate result of Defendants' conduct, Millenium has incurred damages in an amount to be established according to proof, but no less than $3.5 million, exclusive of interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter judgment in its favor on all counts granting relief as follows:

1. Awarding Millenium compensatory damages in an amount to be determined according to proof, but no less than $3.5 million, exclusive of interest and costs;

2. Awarding Millenium punitive damages in an amount to be determined;

3. Awarding Millenium its costs of suit and reasonable attorneys' fees incurred in this action; and

4. Entering any other relief the Court deems just and proper.

DATED: March 2, 2009

X-PATENTS, APC

By _____
JONATHAN HANGARTNER

Attorneys for Plaintiff Millenium Laboratories of California, Inc.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Millenium Laboratories of California, Inc.

## DEFENDANTS
Brian Slattery Associates, Inc., Brian P. Slattery

**FILED 09 MAR -2 PM 3:04**
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CA
BY: _____ DEPUTY

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
X-Patents, APC, 5670 La Jolla Blvd., La Jolla, CA 92037 (858) 454-4313

Attorneys (If Known)

**'09 CV 0409 H RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☒ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332 - Diversity

Brief description of cause:
Fraud and negligent misrepresentation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/2/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 160587  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PD 03/02/09

CR

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

\# 160589      -- MB
\* \* C O P Y \* \*
March 02, 2009
15:09:19

Civ Fil Non-Pris
Case #.: 09CV0409 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.:                $350.00 CK
Check#.: 11166


Total-> $350.00


FROM: MILLENIUM LABORATORIES OF CA
      VS BRIAN SLATTERY ASSOCIATES